UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV - 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

David P. Phillips, )
)
      Plaintiff, )
)
      v. ) Civil Action No. 11-1931
)
U.S.A., )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff sues the United States for allegedly "refus[ing] to show paperwork in accordance for [sic] investigation of terror." Compl. He also alleges that defendant neglected to investigate "the theft of art . . . through torture." *Id*. Plaintiff seeks $30 trillion in damages.

A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *accord GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).

The plaintiff has not indicated that he exhausted his administrative remedies under the FTCA. Furthermore, the allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009). Hence, the Court, finding it impossible for plaintiff to overcome the jurisdictional barrier, will dismiss this action with prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: October 25, 2011